UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.  407CR308

DONALD FLOYD BROWN and
CHARON GARRAY FIELDS

## ORDER

## I. BACKGROUND

Before the Court in this conspiracy, attempted robbery, gun-possession (etc.) case are defendant Charon Garray Fields's motion for access to the Government's confidential informant (doc. # 84) and defendant Donald Floyd Brown's motion to exclude evidence of a prior conviction (doc. # 86). Some necessary background:

> A confidential informant reported to the ...[FBI] that Donald Brown and at least one other person were planning an armed robbery of the Georgia Heritage Federal Credit Union. The FBI and [local police] rapidly developed a plan to respond to the scheme. On [9/26/07], the informant notified the FBI that the robbery was going forward. The informant met with Brown and Fields at Fields' residence, located at 1216 East 31st Street, Savannah, Georgia.
>
> Apparently due to a last minute change in plans, Brown and Fields rode with the informant to the Memorial Health Credit Union at 1203 East 66th Street in Savannah, rather than to the Georgia Heritage Credit Union, as originally planned. Upon arrival at the credit union, the defendants were arrested.... A search of their vehicle revealed two shotguns and six shotgun shells. Both Brown and Fields carried mesh hunting [balaclavas] in their pockets. Fields also had a loaded .380 caliber pistol in his waistband.

Doc. # 61 at 2.

## II. ANALYSIS

### A. Confidential Informant

Fields wants this Court to order the Government "to produce the confidential informant [so] that [h]e may be questioned by Defendant's counsel." Doc. # 84 at 1. The CI, he contends, played a greater role in the offenses than either defendant. In fact the CI, he asserts: (a) drove the defendants to the credit union in his own vehicle; (b) parked in front of the credit union; and (c) entered the credit union alone. Plus, the weapons were found in his car. *Id.* at 2.

Emphasizing these points, Fields disputes the conspiracy and attempted robbery charges as mere "illusions created by [the CI]." *Id.* at 3. Fundamental fairness, he therefore concludes, mandates the production of this witness *before* trial for an interview. *Id.* The Government responds that it has already provided Fields with all necessary access to the CI. Doc. # 88.

The Government possesses a privilege to withhold the identity and whereabouts of a CI, but that privilege is limited by the principles enunciated in *Roviaro v. U.S.*, 353 U.S. 53 (1957). *Roviaro* requires "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. District courts must consider the particular circumstances of each case, the crime charged, potential defenses, and possible significance of the CI's testimony. *Id.* Where disclosure "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61.

Subsequent Eleventh Circuit precedent focuses the inquiry on three factors: "the extent of the informant's participation in the criminal activity, the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, and the government's interest in nondisclosure." *U.S. v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991) (citing *U.S. v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985)).

The CI's participation here was substantial as discussed *supra*, and the Court assumes his potential testimony bears a direct relationship with Fields's asserted defenses -- that the CI is spinning a yarn. These first two factors favor disclosure. But in the end, that is of no consequence here. The Government has already disclosed substantial CI information, including: (1) his identity; (2) his full criminal history; (3) all benefits received by the CI for his cooperation; and (4) the substance of his future testimony. Doc. # 88 at 1.

Furthermore, the Government asked the CI about his willingness to talk with defense counsel, and he has declined. *Id.* at 2. The Government even set up a conference call between co-defendant Brown's counsel and the CI (without revealing a contact telephone number) to allow the CI to personally accept or decline defense counsel's interview request. *Id.* The Court assumes that the CI declined that request. Nevertheless, the Government extended the same opportunity to Fields's counsel. *Id.* at 2-3.

Beyond that, the CI will testify at trial and thus be subject to cross-examination by defense counsel. *Id.* In other words, the CI has already declined any pre-trial interview, yet Fields will have an opportunity to develop his defenses by cross-examining him at trial. Thus, there is nothing further this Court can do since it cannot require the CI to submit to a pretrial interview. *U.S. v. Nixon*, 777 F.2d 958, 967 n. 12 (5th Cir. 1985) ("[I]nformants cannot be compelled to a pretrial interview with defense counsel").

The Government has disclosed substantial information regarding the CI, and provided an opportunity for defense counsel to contact him. The only information withheld is the CI's current location and his current contact phone number, which the Government properly withheld for safety reasons. Doc. # 88 at 2; *see Gutierrez*, 931 F.2d at 1490 (danger to informant from such disclosure is valid interest supporting withholding information). Given all that, no further disclosure is necessary, so Fields's motion for access is therefore denied.

### B. Motion *In Limine*

Brown moves this Court to preclude any introduction of a 2000 Chatham County Superior Court conviction for aggravated assault and possession of a firearm *in connection with an attempted robbery* of a hotel. Doc. # 86.

F.R.Ev. 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....

*Id.* Admissible Rule 404(b) evidence must survive a three-part test:

> (1) the evidence must be relevant to an issue other than defendant's character; (2)

the probative value must not be substantially outweighed by its undue prejudice; [and] (3) the government must offer sufficient proof so that the jury could find that defendant committed the act.

*U.S. v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

Brown concedes the first and third elements -- the Government intends to introduce the conviction to show Brown's intent, knowledge and absence of mistake (element one) and a conviction sufficiently shows Brown committed the act (element three). Doc. # 86 at 2. But the prejudice stemming from its introduction, Brown contends, substantially outweighs its probative value due to a lack of prosecutorial need and its temporal remoteness (8 years ago). *Id.* at 3-4.

When evaluating the probative value of extrinsic evidence, courts focus on the following: (1) prosecutorial need for the evidence to prove guilt beyond a reasonable doubt; (2) similarity of the extrinsic and charged offenses; and (3) the temporal proximity of the charged offense to the extrinsic offense. *Ellisor*, 522 F.3d at 1268 (citing *United States v. Parr*, 716 F.2d 796, 805 (11th Cir. 1983)).

Brown insists that the Government's possession of eyewitness accounts of his actions, tape-recorded conversations, and the CI's testimony obviates any need to introduce his prior conviction. Doc. # 86 at 3. Of course, Brown placed his intent at issue merely by pleading not guilty. *U.S. v. Terrell*, 139 Fed.Appx. 208, 212 (11th Cir. 2005); *U.S. v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). In fact, Brown's intent must be the principle issue at trial since the Government's other evidence unmistakably places him at the scene of the alleged crime. Hence, the Government's need to prove Brown's intent is crucial.

For that matter, the prior conviction and the charged offense are substantially similar. Both involved armed robbery, the use of identity-concealing masks, and two accomplices. Doc. # 89 at 2. And both times Brown told the police that he "just happened" to be in the wrong place at the wrong time -- *i.e.*, "Officer, I was just in the car but didn't have anything to do with a robbery." *Id.* at 2-3. The only difference -- one robbery was of a hotel, the other a federal credit union -- is immaterial. Considering the overall similarity of the offenses, the probative value of Brown's previous conviction is very high

Brown's only strong argument goes to the temporal remoteness of the prior conviction. That conviction is from 2000 (while the events leading to it actually occurred in 1999). That gap is significant. But because Brown's intent is a central issue here, and the prior conviction and alleged offenses are so similar, this evidence is still highly probative. Given that fact, the Court cannot say that the prejudice from its introduction substantially outweighs its probative value. *See Matthews*, 431 F.3d at 1312 (district court did not err when admitting 8 year old conviction because prosecutorial need and the offense-similarity rendered evidence probative). Thus, its introduction is permissible and Brown's *in limine* motion is denied.

3

## III. CONCLUSION

Accordingly, defendant Charon Garray Fields's motion for access to the Government's confidential informant (doc. # 84) and defendant Donald Floyd Brown's motion *in limine* (doc. # 86) are ***DENIED***.

This __21__ day of July, 2008.


_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA